### Application of Walter F. HANSON.
### Patent Appeal No. 7390.

United States Court of Customs
and Patent Appeals.
April 8, 1965.

Harvey B. Jacobson, Robert C. Garber, Jacob Shuster, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

Claims 2, 3, 6 and 7 of appellant's application [1] were rejected by the examiner as "unpatentable over" the following references:

| Utzman | 1,383,249 | June 28, 1921 |
| Dalzell | 2,054,246 | Sept. 15, 1936 |

In the context of this case, the rejection appears to be based on 35 U.S.C. § 103 and we shall so treat it.

The invention in issue is claimed in two aspects. As a particular gypsum wallboard construction it is claimed in claims 2, 3 and 6, of which claim 2 is representative and reads as follows:

"2. A wall assembly comprising adjacent gypsum wallboard panels having edges disposed in adjoining relation, the outer surface adjacent one edge of one panel having a recess therein, each panel having an inner facing sheet and an outer facing sheet, one of said sheets extending around the edges of said panels, the outer facing sheet on an adjacent panel having an extension flap connected thereto and received in the recess and forming a continuation with the outer facing sheets for providing a smooth joint between the wallboard panels."

As a method of forming a joint between adjacent gypsum wallboard panels it is claimed in claim 7 as follows:

"7. The method of forming a joint between adjacent gypsum wallboard panels consisting of the steps of recessing the outer surface of one

1. Serial No. 37,378, filed June 20, 1960 entitled "Joint for Gypsum Wallboard."

panel, extending the outer facing sheet of the other panel from a point spaced from the edge thereof, disposing the panels in edge-to-edge relation, driving securing nails through the panels adjacent the edges thereof, orientating the extension on the other panel in the recess of the one panel thereby concealing the nails, and adhesively securing the extension in the recess thereby forming a smooth joint."

While the claims differ in form, the aspect of the invention on which appellant asserts patentability is to be found in the joint formed between adjacent panels of the wallboard by a particular orientation of a flap on the outer facing sheet and the covered recessed edge portion of an adjacent panel.

The outer facing member on each panel is a single sheet which includes an extending flap which bridges the open joint between adjacent panels. This flap extends over the covered recessed edge portion of the adjacent panel and is secured thereto after the panels are fastened in place. The outer facing member extends from the flap over one face of the panel, around the edge of the panel remote from the flap, over the other face of the panel to its other terminal edge and is secured in the recessed portion of the panel underlying the flap. Thus, the outer facing member provides both the flap and a continuous wrap around the gypsum core of the panel. The flap is disconnected from the underlying portion of the facing member so that after nails are driven through the recessed edge portions of the adjacent panels the flap may be secured in overlying relation to the heads of the nails in both panels so as to conceal the same and to bridge the joint between the panels. Since the covered recesses in the adjacent panels are substantially the same thickness as the flap, a smooth, flush joint is provided. Asserted advantages of the claimed invention are the elimination of normally employed sealing materials and the elimination of the necessity of taping and sanding the joint as required in some conventional procedures.

The examiner and the board found the claimed invention to be obvious in view of the prior art. The differences between the claimed invention and the prior art are apparent from a consideration of the references and the invention as previously described. Thus, the Dalzell reference discloses a gypsum wallboard panel construction in which the panels are faced with heavy paper which extends over the opposed faces. In addition to this facing, Dalzell provides a heavy paper or laminated wood cover on one face of the panel. This heavy paper or laminated wood cover is offset in relation to the first covering member to provide an extending flap along one edge of the panel and a recessed portion along the opposite edge of the panel. There are no recesses in the longitudinal edges of the gypsum core of the wallboard.

It is appellant's position that his construction is more simplified than is Dalzell's; that it is easier to install; that it is less costly; and that it provides a joint which is neater in appearance than the Dalzell joint. As distinguished from Dalzell, appellant has a single outer sheet which provides the flap portion, is continuous and covers the faces, the recessed portions and the longitudinal edges of the gypsum core.

It is appellant's position that it would not be obvious within the meaning of section 103 to modify Dalzell to include edge coverings of the gypsum core as an integral part of the facing panels. Appellant also urges that addition of such an edge covering to the Dalzell construction would add another thickness to the facing material on the upper surface of the panels.

It was the examiner's position, with which the board agreed, that it would be obvious in view of Utzman for persons of ordinary skill in the art to modify the Dalzell structure to include the longitudinal edge coverings as an integral part of the facing panels which cover the gypsum core.

The examiner noted that "Utzman shows the gypsum board recessed in order to receive the wrap around portion

24" and the board found that "the gypsum layer 27 is reduced at the edge 23 to a degree to receive the flap 24 and leave a level surface for the cover layer 21." This common conclusion seems to be correct in view of Utzman's construction in which the thickness of the gypsum core adjacent the panel edge is less than it is at midpanel, to provide a recessed longitudinal edge portion to compensate for the thickness of the inturned cover flaps proximate those edges.

Appellant stresses his one-piece or continuous inner and outer cover construction, contending in the summary to his brief that "the provision of a one-piece wrap around cover member as outlined in the claims * * * is inventive [unobvious] over the panels * * * defined in the patents to Utzman and Dalzell." However, the appealed claims are not limited to such a one-piece or continuous wrap around cover member. Claims 2 and 3 call for "each panel having an inner facing sheet and an outer facing sheet, one of said sheets * * *." This separate reference to sheets and the later reference to one of the plural sheets does not limit these claims to a one-piece wrap around cover construction. The same also is true for the "inner facing member" and "outer facing member" of the panels as claimed in claim 6. In claim 7, only the single "outer facing sheet of the other panel" is referred to. Thus the claims are broad enough to read upon the two-sheet panel construction, shown in Utzman.

While some other differences are noted in the appealed claims, these differences are immaterial insofar as the issue of obviousness is concerned.

As to the article claims 2, 3 and 6, we agree with the statement in the board's opinion:

"* * * To modify the Dalzell structure to include the edge coverings of Utzman appears to us to be obvious as stated by the Examiner and to furthermore result in structure as taught by Utzman alone insofar as the appealed claims are concerned. * * *"

As to the method recited in appealed claim 7, we agree with the board's statement:

"We have considered the procedural recitations of claim 7 and are at a loss to understand appellant's arguments for novelty therein over the Utzman reference. It appears to us that the statement of structure and use are fully and completely met by this reference * * *."

For the foregoing reasons, the decision of the board is affirmed.

Affirmed.